# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TERRY BENTLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0319** (BOR Appeal No. 2050871)
(Claim No. 2014008949)

**CONSOL OF KENTUCKY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terry Bentley, by Samuel F. Hanna, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consol of Kentucky, Inc., by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 3, 2016, in which the Board affirmed a September 24, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 4, 2014, decision that closed the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bentley, a heavy equipment mechanic for Consol of Kentucky, Inc., was working on September 15, 2013, when his right forearm was pinned between his mechanic truck and the front tire of a rock truck. He was treated at Charleston Area Medical Center and found to have a fracture of the right radius and ulna. From the date of the injury through November 27, 2013, Mr. Bentley underwent four surgeries to repair the fracture.

1

Prasadarao Mukkamala, M.D., performed an independent medical evaluation and his report dated September 2, 2014, was introduced into evidence. Dr. Mukkamala opined that Mr. Bentley was at maximum medical improvement and suffered from 29% whole person impairment in relation to the compensable injury. In an addendum report dated September 9, 2014, Dr. Mukkamala stated that it was clear that Mr. Bentley could not return to his previous occupation. Mr. Bentley's right hand and upper extremity had lost significant function. With only minimal function remaining, he was currently restricted to the sedentary physical demand level. Dr. Mukkamala recommended that Mr. Bentley undergo vocational rehabilitation.

On September 24, 2014, the claims administrator held the claim compensable for post-traumatic stress disorder; fracture of shaft of radius, open; fracture of shaft of ulna, open; and crushing injury of the forearm. On November 4, 2014, the claims administrator closed the claim for temporary total disability benefits.

On November 17, 2014, treatment records from Hilltop Primary Care authored by Geraldine Hatfield, APRN, indicated that Mr. Bentley was complaining of weakness in the right hand, low back pain, headaches, and flashbacks from the injury since the date of injury. She opined that he suffered a crush injury to his entire body when his entire body was struck by heavy equipment and crushed against the front tire of a large truck. She listed his diagnoses as lumbago, neck pain, cervical disc disorder, and secondary hypertension. Ms. Hatfield completed a diagnosis update request two days later in which she requested that the diagnoses identified in her treatment note be added as compensable conditions of the claim.

On September 24, 2013, the Office of Judges determined that a preponderance of evidence supported closing the claim for temporary total disability benefits. The Office of Judges found that Mr. Bentley may indeed continue to need treatment; however, any future treatment will be attributable to a permanent disability as opposed to any temporary disability. The Office of Judges found that there was not sufficient evidence to show that Mr. Bentley had not reached maximum medical improvement. The Office of Judges noted that Dr. Mukkamala found him to be at maximum medical improvement and suggested an impairment rating. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on March 3, 2016.

After review, we agree with the Office of Judges and Board of Review. Pursuant to West Virginia Code § 23-4-7a (2005), temporary total disability benefits are suspended once a claimant has reached maximum medical improvement, has been released to return to work, or has actually returned to work, whichever occurs first. In this case the evidence indicates that Mr. Bentley reached his maximum medical improvement in relation to the compensable injury. Because the evidence of record indicates it was proper to close the claim for temporary total disability benefits, the Office of Judges and Board of Review are not in error and should be affirmed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker